**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4253**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUANE EDWARD LEE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:17-cr-00307-NCT-1)

Submitted:  October 23, 2018                                    Decided:  October 25, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Edward Lee pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1(C) (2012). The district court sentenced Lee to 70 months' imprisonment, the bottom of the 70- to 87-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the district court's compliance with Rule 11 of the Federal Rules of Criminal Procedure and the reasonableness of the sentence, and asking the court to review the record for any prosecutorial misconduct or ineffective assistance of counsel. Lee was advised of his right to file a pro se supplemental brief but has not filed one. The Government declined to file a brief.

Because Lee did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Lee] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Lee satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 in accepting Lee's guilty plea, which Lee entered knowingly and voluntarily.

Turning to Lee's sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id.* If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *Id.* at 328. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017). "That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Lee's advisory Guidelines range, heard argument from counsel, provided Lee an opportunity to allocute, and considered the relevant § 3553(a) sentencing factors. We have reviewed the record and conclude that Lee's within-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the record in this case and have found no prosecutorial misconduct, no ineffectiveness of counsel,[*] and no meritorious

---

[*] We generally do not address claims of ineffective assistance of trial counsel on direct appeal unless an attorney's ineffectiveness conclusively appears on the face of the record. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims (Continued)

issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review. If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

4